On the trial the defendant offered to prove that the bond was given to satisfy three others, made by the defendant's brother, James McLean, to Partee, one of which was fraudulently obtained by Partee, having been executed when James was drunk and did not know what he was doing, and that this was unknown to the defendant when he delivered the bond in suit.
His Honor, Judge Daniel, rejected the evidence as not constituting a defense in a court of law. A verdict was rendered for the plaintiff; a rule for a new trial being discharged, and judgment entered up according to the verdict, defendant appealed.
If a bond is given upon no consideration, or upon an inadequate one, that constitutes no objection in a court of law to a recovery upon it. Proof of the fair execution of it precludes any examination into the consideration upon which it was given, unless that consideration was against the policy of the law, as for compounding a felony (2 Wilson, 344), or against the express provisions of law, as upon a gaming or usurious consideration. Upon these and other like considerations a recovery upon a bond may be barred, although the fair execution of it be proved; but proof of fraud or misrepresentation as to the subject-matter of the consideration on (47) which a bond is given, in case the fair execution of it is established, is inadmissible in a court of law; in such cases a court of equity is the proper tribunal in which to seek redress. Plow., 309; Pow. on Contracts, 332, 340; 1 Ch., 157; 1 E. C. Al., 84, pl. 1; Hard., 200; 2 Bl., 446. For these reasons I think the judge was right in rejecting the evidence in the Superior Court.